IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| IN THE MATTER OF: | ) | CASE NO. BK10-40109-TJM |
| | ) | |
| BKMJ PROPERTIES, LLC, | ) | |
| | ) | CH. 11 |
| Debtor(s). | ) | |

<u>ORDER</u>

Hearing was held in Omaha, Nebraska, on March 8, 2010, regarding Filing #9, Motion for Relief from Stay, filed by TierOne Bank, f/k/a First Federal Lincoln Bank; Filing #15, Resistance, filed by BKMJ Properties, LLC; and Filing #18, Amended Motion for Relief, filed by TierOne Bank, f/k/a First Federal Lincoln Bank. David Hicks appeared for the debtor and Thomas Ostdiek appeared for TierOne Bank, f/k/a First Federal Lincoln Bank.

The debtor is a single asset real estate debtor as defined in the Bankruptcy Code. It owns and operates improved real property with a value of approximately 3.5 million dollars. The debtor, through the execution of certain promissory notes, directly owes approximately 2.5 million dollars secured by a first and second deed of trust. In addition, the debtor has granted a deed of trust as security for a debt owed by a separate entity. That debt is in excess of 3 million dollars and the separate entity is in default.

In other words, the obligations secured by a property worth 3.5 million dollars are in excess of 5 million dollars.

The debtor has made no payments to the moving party for more than a year. The movant has advanced more than $19,000 for taxes for the year 2009 and the tax bill for 2010 is approximately $46,000.

The bank is secured to the extent of 3.5 million dollars, the estimated value of the property. Post-petition interest accrues on the first secured note at the amount of $10,800 per month. The interest continues to accrue on the second, third and fourth obligations to the extent they are secured by the value of the real estate.

The rents received on a monthly basis by the debtor are approximately $14,000, which the debtor has offered to pay as adequate protection.

The Bankruptcy Code, at 11 U.S.C. § 362(d)(3), provides that relief should be granted in a case such as this unless, within 90 days after the entry of the order for relief, the debtor has filed a plan of reorganization that has a reasonable possibility of being confirmed within a reasonable time or the debtor has commenced monthly payments that are in an amount equal to interest at the then-applicable non-default rate on the value of the creditor's interest in the real estate. Since the debtor filed the petition on January 15, 2010, the 90-day period for filing a plan expires on or about April 15, 2010. The $14,000 of rental income offered as adequate protection appears to cover the interest accruing on the debts which are actually secured by the value of the real estate. However, the rents do not appear to give the debtor any legitimate basis for filing a plan that would depend upon rentals as its sole method of reorganization.

The evidence presented by the debtor asserts that one of the tenants has an option to

purchase the property for 3.5 million dollars. That option is not in evidence and there is no indication if or when the option would be exercised. However, the debtor should be granted at least until April 15, 2010, to file a proposed plan and explain to this creditor and this court how such a plan can be confirmable. While giving the debtor approximately a month to file such a plan, the debtor is required to pay the net monthly rents of approximately $14,000 to the creditor for the months of February, March and April.

IT IS ORDERED that the motion for relief, Filing #9, is deferred pending a review of any plan that is filed by April 15, 2010. If no plan is filed by that date, relief will be granted upon request of the moving party. If the debtor fails to make the payments required above, relief will be granted upon request of the moving party.

DATED:        March 9, 2010

BY THE COURT:

/s/ Timothy J. Mahoney
United States Bankruptcy Judge

Notice given by the Court to:
    David Hicks
    *Thomas Ostdiek
    U.S. Trustee

Movant (*) is responsible for giving notice to other parties if required by rule or statute.